UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2765 PA (PJWx) | Date | August 27, 2015 |
|---|---|---|---|
| Title | Xerox Corp. v. Access Print & Copy, LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Stephen Montes Kerr | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Remand filed by defendant Access Print & Copy, LLC ("Defendant") (Docket No. 17). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for September 21, 2015, is vacated, and the matter taken off calendar.

There are two major procedural problems with Defendant's Motion. First, it was filed on August 26, 2015, and set for a hearing on September 21, 2015. Defendant therefore set the Motion for hearing 26 days after the date of filing, despite Local Rule 6-1's requirement that motions be filed at least 28 days prior to the hearing date. Second, this action was originally filed in this Court based on the Court's diversity jurisdiction. Because the Court can only remand an action to state court after it has been removed to this Court from state court, the Court has no authority to remand an action originally filed in this Court. See 28 U.S.C. § 1447(establishing procedures "after removal").

Even if Defendant had filed the Motion as the procedurally-proper motion, a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the Motion would fail as a matter of substantive law. In its Motion, Defendant asserts that the Court does not possess diversity jurisdiction because plaintiff Xerox Corporation ("Plaintiff") "does business in the State of California where the Defendant in this action, Access Print & Copy, a California Limited Liability Company is located and also does business. Thus there is no diversity of citizenship between the parties . . . ." (Motion to Remand 2:5-9; see also id. at 3:23-26 ("This Court has no jurisdiction of the claim in the [First Amended Complaint]. As set forth above both Access and Xerox do business in the State of California so the assertion of diversity by Xerox is a mere fiction.").)

Defendant's argument that there is no diversity of citizenship between it and Plaintiff is based on a profound misunderstanding of the Court's diversity jurisdiction and how a party's citizenship is determined. For an action originally filed in this Court, the party attempting to invoke this Court's diversity jurisdiction must allege that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2765 PA (PJWx) | Date | August 27, 2015 |
|---|---|---|---|
| Title | Xerox Corp. v. Access Print & Copy, LLC | | |

2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction").  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.  For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

   The First Amended Complaint alleges that Plaintiff is "incorporated under the laws of the State of New York" and that its "principal place of business is in Norwalk, Connecticut."  Based on these allegations, Plaintiff is a citizen of both New York and Connecticut.  That fact that it does business in California does not make it a California citizen.  The First Amended Complaint also alleges that Defendant is "a limited liability company organized in the State of California, with its principal place of business also in California.  Defendant's only member, Keyvan Kadkhoda, is domiciled in the State of California."  Based on these allegations, the First Amended Complaint has alleged that Defendant is a California citizen.  Defendant does not dispute that it is a California citizen in its Motion.  Nor does Defendant dispute that the amount in controversy exceeds $75,000.  As a result, the First Amended Complaint adequately alleges that the Court possesses diversity jurisdiction over this action and nothing in Defendant's Motion satisfies Defendant's burden to establish that the Court lacks subject matter jurisdiction over this action.

   For all of the foregoing reasons, the Court denies Defendant's Motion.  Defendant shall file its Answer to the First Amended Complaint by no later than September 4, 2015.  Should Defendant fail to file its Answer by that date, the Court may enter Defendant's default without further warning.  The Court cautions the parties that any further violations of the Federal Rules of Civil Procedure, the Local Rules, or the Court's orders may result in the imposition of sanctions.

   IT IS SO ORDERED.